## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DEANDRE HICKMAN, #468405,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No. 20-cv-00266-JPG |
| | ) |
| **ST. CLAIR COUNTY JAIL,** | ) |
| **RICK WATSON,** | ) |
| **TAMMI GRIME,** | ) |
| **JAIL MAINTENANCE CREW,** | ) |
| **and WEXFORD HEALTH STAFF,** | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

On March 12, 2020, Plaintiff DeAndre Hickman filed a self-styled "Motion to Sue Defendants" for unconstitutional conditions of confinement at St. Clair County Jail. (Doc. 1). The Court construed the motion as a civil rights complaint filed pursuant to 42 U.S.C. § 1983 and screened it under 28 U.S.C. § 1915A. (*See* Doc. 11). The Complaint did not survive preliminary review. The Court dismissed the Complaint without prejudice on June 26, 2020. (*Id.*).

Plaintiff was granted leave to file a First Amended Complaint on or before July 27, 2020. (Doc. 11, pp. 4-5). However, he was warned that the action would be dismissed with prejudice, if he failed to do so by the deadline. (*Id.* at 4). He was also warned that the dismissal would count as one of his three allotted "strikes" under 28 U.S.C. § 1915(g). (*Id.*).

Plaintiff missed the deadline for filing the First Amended Complaint. A week has passed since the deadline expired. He has not requested an extension.

The Court will not allow this matter to linger indefinitely. This action shall be dismissed with prejudice for failure to comply with the Court's Order (Doc. 11) to file a First Amended

1

Complaint and/or to prosecute his claims.  *See* FED. R. CIV. P. 41(b).  The dismissal shall count as one of Plaintiff's three allotted "strikes" within the meaning of 28 U.S.C. § 1915(g).

## Disposition

**IT IS HEREBY ORDERED** that this action is **DISMISSED** with prejudice based on Plaintiff's failure to comply with the Court's Order to file a First Amended Complaint (Doc. 11) and prosecute his claims.  *See* FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994).  This dismissal counts as a "strike" within the meaning of 28 U.S.C. § 1915(g).

If Plaintiff wishes to appeal this Order, he may file a notice of appeal with this Court within thirty days of the entry of judgment.  FED. R. APP. 4(a)(1)(A).  If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal.  *See* FED. R. APP. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999).  He must list each of the issues he intends to appeal in the notice of appeal.  Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike."  A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline.  FED. R. APP. P. 4(a)(4).  A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of judgment, and this 28-day deadline cannot be extended.

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: August 4, 2020**            s/J. Phil Gilbert
                                      **J. PHIL GILBERT**
                                      **United States District Judge**